UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBRA F. LITTLE,

        Plaintiff,

v.                            Case No. 16-11968

COMMISSIONER OF SOCIAL      HON. TERRENCE G. BERG
SECURITY,                       HON. ANTHONY P. PATTI

        Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

This case is an appeal of the denial of Plaintiff's application for social security disability insurance benefits. This matter is before the Court on Magistrate Judge Anthony P. Patti's report and recommendation dated August 14, 2017 (Dkt. 26), recommending that Plaintiff's motion for summary judgment be granted, that Defendant's motion for summary judgment be denied, and that this matter be remanded for further proceedings.

The law provides that either party may serve and file written objections "[w]ithin fourteen days after being served with a copy" of the report and recommendation. 28 U.S.C. § 636(b)(1). Defendant filed timely

objections (Dkt. 27) to the report and recommendation; Plaintiff filed a response to Defendant's objections (Dkt. 28). A district court must conduct a de novo review of the parts of a report and recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id*.

The Court has reviewed Magistrate Judge Patti's report and recommendation, and Defendant's objections thereto. For the reasons set forth below, Defendant's objections are **OVERRULED**, and the report and recommendation is **ACCEPTED** and **ADOPTED** as the opinion of the Court. Consequently, Plaintiff's motion for summary judgment is **GRANTED**, Defendant's motion for summary judgment is **DENIED**, and this matter is **REMANDED** pursuant to sentence four of to 42 U.S.C. § 405(g) for further proceedings, consistent with the discussion below.

# ANALYSIS

## A.  The Social Security Act

The Social Security Act "entitles benefits to certain claimants who, by virtue of a medically determinable physical or mental impairment of at least a year's expected duration, cannot engage in 'substantial gainful activity.'" *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 642 (6th Cir. 2006) (en banc) (quoting 42 U.S.C. § 423(d)(1)(A)). A claimant qualifies as disabled "if she cannot, in light of her age, education, and work experience, 'engage in any other kind of substantial gainful work which exists in the national economy.'" *Combs*, 459 F.3d at 642 (quoting 42 U.S.C. § 423(d)(2)(A)).

Under the authority of the Act, the Social Security Administration (SSA) has established a five-step sequential evaluation process for determining whether an individual is disabled. *See* 20 C.F.R. § 404.1520(a)(4). The five steps are as follows:

> In step one, the SSA identifies claimants who "are doing substantial gainful activity" and concludes that these claimants are not disabled. [20 C.F.R.] § 404.1520(a)(4)(i). If claimants get past this step, the SSA at step two considers the "medical severity" of claimants' impairments, particularly whether such impairments have lasted or will last for at least twelve months. *Id.* § 404.1520(a)(4)(ii). Claimants with impairments of insufficient duration are not disabled. *See id.* Those with

impairments that have lasted or will last at least twelve months proceed to step three.

At step three, the SSA examines the severity of claimants' impairments but with a view not solely to their duration but also to the degree of affliction imposed. *Id.* § 404.1520(a)(4)(iii). Claimants are conclusively presumed to be disabled if they suffer from an infirmity that appears on the SSA's special list of impairments, or that is at least equal in severity to those listed. *Id.* § 404.1520(a)(4)(iii), (d). The list identifies and defines impairments that are of sufficient severity as to prevent any gainful activity. *See Sullivan v. Zebley*, 493 U.S. 521, 532 (1990). A person with such an impairment or an equivalent, consequently, necessarily satisfies the statutory definition of disability. For such claimants, the process ends at step three. Claimants with lesser impairments proceed to step four.

In the fourth step, the SSA evaluates claimant's "residual functional capacity," defined as "the most [the claimant] can still do despite [her] limitations." 20 C.F.R. § 404.1545(a)(1). Claimants whose residual functional capacity permits them to perform their "past relevant work" are not disabled. *Id.* § 404.1520(a)(4)(iv), (f). "Past relevant work" is defined as work claimants have done within the past fifteen years that is "substantial gainful activity" and that lasted long enough for the claimant to learn to do it. *Id.* § 404.1560(b)(1). Claimants who can still do their past relevant work are not disabled. Those who cannot do their past relevant work proceed to the fifth step, in which the SSA determines whether claimants, in light of their residual functional capacity, age, education, and work experience, can perform "substantial gainful activity" other than their past relevant work. *See id.* § 404.1520(a)(4)(v), (g)(1). Claimants who can perform such work are not disabled. *See id.*; § 404.1560(c)(1).

*Combs*, 459 F.3d at 642–43.

"Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). If the analysis reaches the fifth step, the burden transfers to the Commissioner. *See Combs*, 459 F.3d at 643. At that point, the Commissioner is required to show that "other jobs in significant numbers exist in the national economy that [claimant] could perform given her RFC and considering relevant vocational factors." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007); 20 C.F.R. §§ 416.920(a)(4)(v) and (g).

Judicial review of the Commissioner's final decision is authorized pursuant to 42 U.S.C. § 405(g). Where the Appeals Council denies review, the ALJ's decision stands as the Commissioner's final decision. *See* 20 C.F.R. § 404.981. Judicial review, however, is circumscribed in that the court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th

Cir. 2005). Substantial evidence is "such relevant evidence as a reasonable mind might accept to support the ALJ's conclusion." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007) (quotation marks omitted) (quoting *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001)). This substantial evidence standard is less exacting than the preponderance of evidence standard. *See Bass*, 499 F.3d at 509 (citing *Bell v. Comm'r of Soc. Sec.*, 105 F.3d 244, 246 (6th Cir. 1996)). For example, if the ALJ's decision is supported by substantial evidence, "then reversal would not be warranted even if substantial evidence would support the opposite conclusion." *Bass*, 499 F.3d at 509.

The parties do not object to Magistrate Judge Patti's recitation of the relevant medical evidence in the record, thus the Court adopts the evidence as summarized in the report and recommendation. Rather, Defendant raises one objection to the report and recommendation, concerning the ALJ's failure to address the opinion of one of Plaintiff's treating physicians, Dr. Radha Chitturi. The report and recommendation found that the ALJ erred by failing to address a September 9, 2014 "physical residual functional capacity questionnaire" filled out by Dr. Chitturi, indicating that Plaintiff's prognosis was "guarded," that she was incapable

6

of even low-stress jobs due to her physical and mental conditions, and noting that Plaintiff would likely be off-task 25% or more of the time and absent more than four days per month (Tr. 1420-23, Pg IDs 1481-1484). Defendant's objection argues that the ALJ's failure to mention was harmless error. Specifically, Defendant contends that Dr. Chitturi's September 9, 2014 opinion is immaterial, as it was written almost three years after Plaintiff's "date last insured,"[1] which passed on December 31, 2011.

B.  **The ALJ Erred in Failing to Consider the Opinion of Treating Physician, Dr. Chitturi**

As noted above, Magistrate Judge Patti's report and recommendation identified a single critical error warranting remand. Namely, the ALJ's failure to address the opinion of one of Plaintiff's treating physicians. Defendant acknowledges that the ALJ did not address Dr. Chitturi's September 2014 assessment, and that because Dr. Chitturi was Plaintiff's treating physician, his opinion should have been expressly considered. However, Defendant asserts that the ALJ's failure to mention

---

[1] To be eligible for disability insurance benefits, a claimant must be "insured for disability insurance benefits." 42 U.S.C. §§ 423(a)(1)(A), 423(c)(1); *see also* 20 C.F.R. § 404.315(a). To have "disability insured status" during any quarter, an individual must be fully insured in that quarter and have at least twenty quarters of coverage in the last forty-quarter period ending with that quarter. 20 C.F.R. § 404.130(b). The expiration of a claimant's insured status is also known as the "date last insured." Plaintiff's date last insured was December 31, 2011.

7

Dr. Chitturi's September 2014 assessment was harmless error because it post-dates the date last insured (December 2011) by almost three years, includes treatment of Plaintiff's knee strain that did not exist during the relevant period, and was based on recent complaints of pain when Plaintiff had not complained of pain prior to Plaintiff's date last insured. Because much of Dr. Chitturi's assessment was based on Plaintiff's condition after the relevant period, Defendant argues that his opinion is immaterial. Defendant is correct that the opinion was completed well after the relevant time period, and does not specify the time period it covers.

However, the record shows that Dr. Chitturi began treating Plaintiff on August 2, 2011 (prior to the expiration of her insured status), and treated her on two other occasions during the relevant time period (Tr. at 621, 648, and 670). Furthermore, contrary to Defendant's argument, Dr. Chitturi's records during the relevant time period make reference to Plaintiff's pain. Specifically, on September 13, 2011, Dr. Chitturi notes that Plaintiff suffers from spasms and sciatica, for which she was prescribed hydrocodone, a powerful opioid used to treat pain (Tr. at 651). Likewise, on November 15, 2011, Dr. Chitturi's treatment notes reflect

8

that Plaintiff suffered from spasms and sciatica, for which she was referred to a pain clinic. Dr. Chitturi also notes that Plaintiff was to "[c]ontinue pain medication as needed" (Tr. at 623). Finally, Dr. Chitturi practiced at the John D. Dingell VA Medical Center where Plaintiff – a Gulf War Veteran – had treated for many years. Thus, Dr. Chitturi presumably had access to Plaintiff's medical records when she filled out the September 2014 assessment.

The treating physician rule "requires the ALJ to generally give greater deference to the opinions of treating physicians than to the opinions of non-treating physicians because:

> '[T]hese sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [the claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations.'"

*Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting 20 C.F.R. § 404.1527(d)(2)). Thus, an ALJ must give controlling weight to a treating source if he or she finds the opinion well-supported by medically acceptable data and not inconsistent with other substantial evidence in the record. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (citing 20 C.F.R. § 404.1527(d)(2)).

9

Closely associated with the treating physician rule is the "good reasons rule," which "require[s] the ALJ to 'always give good reasons in [the] notice of determination or decision for the weight' given to the claimant's treating source's opinion." *Blakley*, 581 F.3d at 406 (citing 20 C.F.R. § 404.1527(d)(2)). "Those good reasons must be 'supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" *Id.* at 406–07 (citing SSR 96–2p, 1996 SSR LEXIS 9, at *12).

This is not a case where a treating physician who did not treat the claimant during the time period in question is offering a purely retrospective opinion. *See e.g., Wladysiak v. Comm'r of Soc. Sec.*, 2013 WL 2480665, at *11 (E.D. Mich. June 10, 2013) (citing *Lancaster v. Astrue*, 2009 WL 1851407, at * 11 (M.D. Tenn. 2009) ("[A] retrospective diagnosis relating back to the insured period may be considered proof of disability only if it is corroborated by evidence contemporaneous with the eligible period"); *Clendening v. Astrue*, 2011 WL 1130448, *5 (N.D. Ohio 2011) (retrospective opinions not entitled to deference where treating physician had no first-hand knowledge of the claimant's condition prior to the last

date insured), aff'd, 482 Fed. App'x. 93 (6th Cir. 2012)). In this case, Dr. Chitturi was one of Plaintiff's treating physicians during the relevant time period; she thus had first-hand knowledge of Plaintiff's condition prior to her date last insured, and rendered her opinion only after examining Plaintiff and having access to Plaintiff's medical records containing relevant information concerning Plaintiff's medical condition during the relevant time period.

Plaintiff was entitled to have the ALJ consider, grapple with, and expressly discuss the opinion from Dr. Chitturi and explain the reasons why he did or did not give weight to that opinion. Given Dr. Chitturi's prior treatment of Plaintiff, her status as a treating physician, and that the September 2014 assessment was based in part on a review of Plaintiff's medical condition from the relevant time period, the Court cannot conclude that the failure to address Dr. Chitturi's September 2014 assessment was harmless error. Consequently, Defendant's objection on this ground is not well-taken, and the Court will adopt the recommendation to reverse the ALJ's decision for failing address Dr. Chitturi's September 2014 assessment in any way.

## CONCLUSION

For the reasons set forth above,

It is hereby **ORDERED** that Magistrate Judge Patti's report and recommendation of August 14, 2017 (Dkt. 26) is **ACCEPTED** and **ADOPTED**, and Defendant's objections (Dkt. 27) thereto are **OVERRULED**.

It is **FURTHER ORDERED** that Plaintiff's motion for summary judgment (Dkt. 17) is **GRANTED** and Defendant's motion for summary judgment (Dkt. 22) is **DENIED**.

Accordingly, it is **ORDERED** that this matter be **REMANDED** for further proceedings consistent with this opinion.

**SO ORDERED**.

                              s/Terrence G. Berg
                              TERRENCE G. BERG
                              UNITED STATES DISTRICT JUDGE

Dated: September 27, 2017

### Certificate of Service

I hereby certify that this Order was electronically submitted on September 27, 2017, using the CM/ECF system, which will send notification to each party.

                              By: s/A. Chubb
                              Case Manager