UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBRA F. LITTLE,

       Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.
_____/

Case No. 4:16-cv-11968
District Judge Terrence G. Berg
Magistrate Judge Anthony P. Patti

# REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S APPLICATION FOR ATTORNEYS' FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT (DE 31)

**I.   RECOMMENDATION**: This matter is before me for consideration of Plaintiff's application for attorneys' fees under the Equal Access to Justice Act (EAJA) (DE 31), Defendant's response in opposition (DE 32), and Plaintiff's reply (DE 35). For the reasons that follow, I recommend that the Court **DENY** Plaintiff's application.

**II.   REPORT**

    **A.   Procedural Background**

1

Plaintiff, Debra F. Little, filed her application for disability insurance (DI) benefits on April 29, 2013, alleging that she has been disabled since May 1, 2006. (R. at 162-165.) Plaintiff's application was denied and she sought a *de novo* hearing before an Administrative Law Judge ("ALJ"). ALJ Holiday held hearings on July 24, 2014 and October 16, 2014, and subsequently determined that Plaintiff was not disabled within the meaning of the Social Security Act. (R. at 47-85, 22-46.) On March 28, 2016, the Appeals Council denied Plaintiff's request for review. (R. at 1-6.) ALJ Holiday's decision became the Commissioner's final decision.

Plaintiff then timely commenced the instant action in federal court. In her motion for remand, she set forth three statements of error:

1. Whether the Administrative Law Judge ("ALJ") Erred in Failing to Properly Evaluate Plaintiff's Obesity;

2. Whether the ALJ Erred in Ignoring the Medical Opinion of Dr. Radha Chitturi; and

3. Whether the ALJ Erred in Her Subjective Symptom Analysis.

(DE 17 at 2, 10-20.)

The Commissioner opposed Plaintiff's motion and filed a motion for summary judgment, asserting that substantial evidence supports the

Commissioner's decision. (DE 22.) Among other arguments, the Commissioner asserted that "Dr. Chitturi's opinion was issued years after the relevant period; thus Plaintiff has not shown harm for any error in not mentioning it[,]" and that "[t]his opinion was not material." (DE 22 at 22-24.) Plaintiff filed a reply brief in support of her motion for summary judgment. (DE 25.)

On August 14, 2017, I issued a report and recommendation, which recommended that the Court grant Plaintiff's motion for summary judgment, deny Defendant's motion for summary judgment, reverse the Commissioner's decision, and remand this case to the Commissioner and the

ALJ under Sentence Four of § 405(g) for further consideration. (DE 26.) Defendant objected to the report and recommendation. (DE 27.) On September 27, 2017, the Court issued an Order overruling Defendant's objections, accepting and adopting my report and recommendation, granting Plaintiff's motion for summary judgment, denying Defendant's motion for summary judgment and remanding the matter. (DE 29.) *See Little v. Comm'r of Soc. Sec.*, No. 16-11968, 2017 WL 4276968, at *1 (E.D. Mich. Sept. 27, 2017) (Berg, J., *adopting report and recommendation of* Patti, M.J.). In sum, the Court determined that, "The ALJ Erred in Failing to Consider the Opinion of Treating Physician, Dr. Chitturi[.]" *Little*, 2017 WL 4276968, *3-*4. In so doing, the Court noted that it could not

3

"conclude that the failure to address Dr. Chitturi's September 2014 assessment was harmless error." (DE 29 at 11.)

### B.     The Instant Motion

In the instant application, Plaintiff seeks attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, in an amount of $8,980.33, consisting of 45.85 attorney hours at $184.50/hour ($8,459.33) and 5.21 paralegal hours at $100/hour ($521.00). (DE 31 at 11.) In support of her request, Plaintiff alleges that Defendant's position was not substantially justified. (DE 31 at 1, 3 ¶¶ 6-9.)[1]

The Commissioner opposes Plaintiff's application and argues that her litigation position was substantially justified for two reasons. First, she contends that she "properly relied on a harmless error argument[,]" and that "the opinion in question was not material to the outcome of the case." (DE 32 at 3-6; *see also* DE 22 at 22-24.) Second, she contends that she "raised a number of issues, and this Court found the Commissioner's position correct on all these issues but one[,]"

---

[1] Judge Berg has referred this motion to me for hearing and determination. (DE 34.) However, mindful of the fact that post-judgment "motions for sanctions, fees and costs are *not* to be *determined* by a magistrate judge[,]" *Massey v. City of Ferndale*, 7 F.3d 506, 509-510 (6th Cir. 1993) (emphases in original), I issue my conclusion in the form of a report and recommendation. *See* 28 U.S.C. § 636, Fed. R. Civ. P. 72.

therefore, "the Commissioner's position was overall substantially justified." (DE 32 at 6-8.) Alternatively, she argues that "even if EAJA fees are warranted, the requested hours are unreasonable[.]" (DE 32 at 8.) According to the Commissioner, "the issues were quite basic in this case, and thus no more than 40 hours would be appropriate." (DE 32 at 8.)

Plaintiff filed a reply, arguing that the ALJ "erred in ignoring the opinion of treater, Dr. Chitturi[;]" (DE 35 at 4-8), the Commissioner "is engaging in argument counting[;]" (DE 35 at 8-10); and, the hours spent on this case are "reasonable[,]" (DE 35 at 10-12). Also, Plaintiff requests reimbursement for an additional 3.5 attorney hours ($645.75) for briefing the reply, bringing the total request to $9,626.08. (DE 35 at 12.)

**C.     Standard of Review**

"In separate provisions, the EAJA allows a prevailing party other than the United States to recover fees and expenses incurred 'in any civil action' brought by or against the United States, 28 U.S.C. § 2412(d)(1)(A), or in an 'adversary adjudication' conducted by an agency of the United States, 5 U.S.C. § 504." *Tri– State Steel Const. Co., Inc. v. Herman,* 164 F.3d 973, 977 (6th Cir.1999). Plaintiff filed the instant request pursuant to 28 U.S.C. § 2412, which provides, in pertinent part:

> [A] court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection

> (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d). A district court has broad discretion when determining whether fees should be awarded under the EAJA, and its decision will only be overturned if it abuses its discretion. *Pierce v. Underwood*, 487 U.S. 552, 559 (1988); *Marshall v. Comm'r of Soc. Sec.*, 444 F.3d 837, 840 (6th Cir. 2006). Applying the foregoing authority, an award of fees requires that: 1) the plaintiff was the prevailing party; 2) the government's position was not substantially justified; and, 3) no special circumstances make an award of fees unjust.

A party is considered to have prevailed where it has been the victor in a lawsuit or has "vindicated important rights through a consent judgment." *Citizens Coal. for Block Grant Compliance, Inc. v. City of Euclid*, 717 F. 2d 964, 966 (6th Cir. 1983) (internal quotation marks omitted). The court will generally confer prevailing-party status on a plaintiff who has won a Sentence 4 remand. *Sec'y v.*

6

*Schaefer*, 509 U.S. 292, 300 (1993). Here, the Commissioner does not contest whether Plaintiff was the prevailing party and does not argue that special circumstances make an award of fees unjust.

Instead, the parties dispute whether the Commissioner's position was "substantially justified." (DE 32 at 3-8; DE 35 at 4-10.) The Commissioner bears the burden of establishing that her position was substantially justified. *E.W. Grobbel Sons, Inc. v. NLRB*, 176 F.3d 875, 878 (6th Cir. 1999). As the Sixth Circuit has explained, "[t]he government's position is substantially justified if it is justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *Glenn v. Comm'r of Soc. Sec.*, 763 F.3d at 494, 498 (6th Cir. 2014). "The Commissioner's position may be substantially justified even if a district court rejects it." *DeLong v. Comm'r of Soc. Sec.*, 748 F.3d 723, 725 (6th Cir. 2014) (citing *Couch v. Sec'y of Health & Human Servs.*, 749 F.2d 359, 360 (6th Cir. 1984)). Stated otherwise, "the fact that the Commissioner's decision was found to be supported by less than substantial evidence 'does not mean that it was not substantially justified.'" *Hutchinson v. Comm'r of Soc. Sec.*, No. 12-CV-11337, 2014 WL 2050859, at *4 (E.D. Mich. May 17, 2014) (quoting *Bates v. Callahan*, 124 F.3d 196, 196 (6th Cir. 1997)). *See also Pierce*, 487 U.S. at 569 ("[T]he fact that one other court agreed or disagreed with the Government does not establish whether its position was substantially justified."). However, "objective

7

indicia such as a string of losses can be indicative." *Glenn*, 763 F. 3d at 498 (citing *Pierce*, 487 U.S. at 569).

### D. Analysis

#### 1. Whether the Commissioner's Position was Substantially Justified

As stated above, the Commissioner bears the burden of establishing that her position was substantially justified. *DeLong*, 748 F.3d at 725-726 (citation omitted). The Government discharges its burden by demonstrating that the position had "'a reasonable basis both in law and fact.'" *Glenn*, 763 F.3d at 498 (quoting *Pierce*, 487 U.S. at 565).

##### a. Dr. Chitturi's Opinion / Harmless error

Plaintiff contends that the ALJ "erred in failing to address the treating physician opinion *at all*[,] contravening the Commissioner's own rules and regulations[,] including 20 C.F.R. § 404.1527(d)(2)[] and SSR 96-2p[,] as well as precedential case law." (DE 31 at 3 ¶ 7 (emphasis in original).) *See also* DE 29 at 11 ("Defendant's objection on this ground is not well-taken, and the Court will adopt the recommendation to reverse the ALJ's decision for failing [to] address Dr. Chitturi's September 2014 assessment *in any way*.") (emphasis added). The Commissioner argues that she "properly relied on a harmless error argument[,]"

8

and "the fact that the opinion in question was not material to the outcome of the case." (DE 32 at 3-6.)

Having considered the parties' various arguments, I conclude that the Commissioner's litigation position on the "single critical error warranting remand[,]" – the ALJ's error in failing to address the opinion of treating physician, Dr. Chitturi (*see* DE 29 at 7-11) – was substantially justified. First, the ALJ's error in failing to address Dr. Chitturi's opinion was procedural in nature. Citing the Court's observation that "Plaintiff was entitled to have the ALJ consider, grapple with, and expressly discuss the opinion from Dr. Chitturi and *explain* the reasons why he did or did not give weight to that opinion[,]" (DE 29 at 11 (emphasis added)), the Commissioner admits that "the ALJ did not do this[,]" but the Commissioner contends that this was merely a "***procedural*** error," which, under *DeLong*, "does not warrant EAJA fees." (DE 32 at 5-6 (emphasis in original).) *See DeLong*, 748 F.3d at 727 (affirming denial of EAJA fees and finding weaknesses as to Plaintiff's "claims that reversal on a procedural issue can entitle a plaintiff to recover attorney fees under the EAJA and that the Commissioner's position was without substantial justification because the ALJ ignored treating source opinions 'in their entirety.'"); *see also Gushen v. Comm'r of Soc. Sec.*, No. 16-CV-10003, 2017 WL 3484493, at *4 (E.D. Mich. Aug. 15, 2017) ("the Court

9

remanded the case because the ALJ committed a procedural error—he failed to address whether Gushen's impairments meet Listing 12.07.").

Second, as Plaintiff herself stated in the reply brief, "[t]his is not simply an articulation error; it is unclear whether the ALJ, when confronted with this evidence would have reached the same result." (DE 25 at 6.) Similarly, this Court's September 27, 2017 opinion acknowledged that "the Court cannot conclude that the failure to address Dr. Chitturi's September 2014 assessment was harmless error." (DE 29 at 11.) In *DeLong*, the Sixth Circuit affirmed the denial of EAJA attorney fees where the "fatal flaw" in the hearing officer's opinion was "'*not* in the weight he found was appropriate for the various medical opinions,' but rather in his failure to *explain* his findings adequately." *DeLong*, 748 F.3d at 727 (emphases in original, citation omitted). As the Sixth Circuit stated:

> . . . remand on procedural grounds may result in yet another denial of benefits, and we might well sustain such a denial on appeal. Accordingly, we hold that an ALJ's failure to provide an adequate explanation for his findings does not establish that a denial of benefits lacked substantial justification. A fully justified position may be poorly explained, and remand may be the most appropriate vehicle for elucidating that position. Thus, although remand on any ground theoretically may support an award of fees under the EAJA, such an award is not appropriate when nothing about the specific remand at issue implies a lack of substantial justification.

10

*DeLong*, 748 F.3d at 727.  Here, on remand, there is a chance that Plaintiff will prevail on this issue and a chance that she will not.  The ALJ will now have the opportunity to clarify, as Plaintiff suggests is necessary, "whether . . . when confronted with this evidence [he] would have reached the same result." (DE 25 at 6.)  Put another way, on remand, it will become manifest whether this error was indeed harmless or not.

Third, the Commissioner was substantially justified in the harmless error argument that she presented in her November 16, 2016 motion for summary judgment.  (*See* DE 22 at 22-24, DE 32 at 3-6.)  The Commissioner persuasively points out that Plaintiff's "date last insured" was December 31, 2011 and Dr. Chitturi's September 9, 2014 physical RFC questionnaire was issued almost three years later.  (DE 32 at 3; R. at 25, 27, 1420-1423.)[2]  The Commissioner also asserts that the assessment "was based largely on a chronic left knee strain that did not require treatment before the date last insured[,]" in support of which she references January 17, 2013 progress notes, which mention left knee leg swelling (R. at 1067), and chronic left knee strain, which is among the diagnoses listed on Dr. Chitturi's September 9, 2014 physical RFC questionnaire (R. at 1420). (DE 32 at

---

[2] The Commissioner asserted that this opinion gives "no indication of retroactivity[,]" (DE 32 at 3), and this Court acknowledged that "the opinion was completed well after the relevant time period," and it "does not specify the time period it covers[,]" (DE 29 at 8).

11

3, DE 3 at 3 n.1, DE 32 at 4 n.2.)  True, Plaintiff notes in her reply that Judge Berg cited to records from 2011, such as those dated November 15 and September 13. (DE 35 at 4-5, DE 29 at 8-9, R. at 623, 651.)  Even so, the Commissioner's harmless error argument was justified.  *Gushen*, 2017 WL 3484493, at *5 (finding Commissioner's harmless error argument to be justified and noting that "Gushen has not cited a single case in which a court awarded fees under the EAJA where the Commissioner advanced a well-reasoned (but ultimately unsuccessful) harmless error argument.").

### b. Number of issues

The Commissioner next argues that Plaintiff "raised a number of issues," and the Court found that the Commissioner was correct on all but one.  Thus, the Commissioner contends, her position "was overall substantially justified."  (DE 32 at 6-8.)  The Court may agree with Plaintiff that the Commissioner is "engaging in argument counting[.]"  (*See* DE 35 at 8-10.)  The Court may also conclude that the Commissioner's justification that she was "correct on the majority of the main issues . . .", is a misleading interpretation of Sixth Circuit case law.  (DE 32 at 7.)  Nonetheless, the Commissioner's position here − opposing remand in the face of the ALJ's erroneous failure to consider the opinion of Dr. Chitturi, a treating physician − was substantially justified.  As such, the Court need not consider the Commissioner's defensive argument(s) regarding issue counting.  And, in any

case, of the approximate 10 pages of argument in Plaintiff's motion for summary judgment, the issue on which this case was remanded comprised only two of those pages, and, it was the second of three arguments. (DE 17 at 10-20.) As such, it could hardly be considered the most prominent argument, or even a particularly prominent one. *See E.E.O.C. v. Memphis Health Ctr., Inc.*, 526 F. App'x 607, 615 (6th Cir. 2013) ("The district court should assess, if the two are distinct, which claim is more prominent in driving the case in order to make the substantial justification determination[.]") *See also Amezola–Garcia v. Lynch*, 835 F.3d 553, 555 (6th Cir. 2016) (in denying motion for attorney fees under the EAJA, the Court noted that "[t]hese two other claims were also more 'prominent' than the voluntary-departure issue.").

### B. The Amount and Rate of the EAJA Fees to be Paid

Plaintiff has requested an award of attorney's fees under the EAJA in the amount of $9,626.08, which consists of 45.85 attorney hours at $184.50/hour ($8,459.33) and 5.21 paralegal hours at $100/hour ($521.00), plus an additional 3.5 attorney hours ($645.75) for drafting the reply brief. (DEs 31 at 4-11, DE 35 at 12.) However, if the Court agrees that an award of EAJA fees is not appropriate, then it need not assess the reasonableness of the hours spent or the rate sought.

### C. Conclusion

For the reasons stated above, the Court should find that the Commissioner's position on the merits of the appeal had "a reasonable basis both in law and fact[,]" *Glenn*, 763 F.3d at 498, and, accordingly, that the Commissioner has met her burden of establishing that her position was substantially justified.

Accordingly, the Court should **DENY** Plaintiff's application for attorney fees under the EAJA (DE 31), as amended by her reply (DE 35).

### III. PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

14

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.* Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.* If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: September 28, 2018        s/*Anthony P. Patti*
                                 Anthony P. Patti
                                 UNITED STATES MAGISTRATE JUDGE

**Certificate of Service**

I hereby certify that a copy of the foregoing document was sent to parties of record on September 28, 2018, electronically and/or by U.S. Mail.

                                 s/Brianna Garant
                                 ReliefCase Manager for the
                                 Honorable Anthony P. Patti

15